UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WPC III, INC. d/b/a WINTER PARK CONSTRUCTION COMPANY,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 11-2920 |
| BENETECH, L.L.C., et al.,<br>    Defendants | SECTION "E" |

### ORDER AND REASONS

Before the Court are two motions: (1) a "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, to Stay Proceedings Pending Arbitration," filed by defendants Benetech, LLC ("Benetech") and William J. Bennett ("William Bennett"),[1] and (2) a "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, to Stay Proceedings Pending Arbitration," filed by defendants Benetech, William Bennett, and James E. Book ("Jim Book").[2]  These two motions to dismiss are essentially the same.  The second motion to dismiss reiterates all of the arguments from the first motion to dismiss, on behalf of a defendant who was not a party in this case at the time the first motion to dismiss was filed.  For the reasons set forth below, both motions to dismiss and/or stay are denied.

### BACKGROUND

Plaintiff WPC III, Inc. ("WPC") and defendant Benetech are both contractors and construction companies.  In July 2010, WPC and Benetech entered into a "Teaming Agreement," in which the two companies agreed to collaborate on projects and solicit bids

---

[1] R. Doc. 57.

[2] R. Doc. 113.

1

in Louisiana.  The Teaming Agreement contained an arbitration clause, which stated that "any dispute that cannot be resolved by the parties will be settled by arbitration under the rules of the American Arbitration Association."  Also in July 2010, the United States Army Corps of Engineers ("USACE") awarded Solicitation No. OSP06S-10-0005 (the "OSP-6 Project") to Benetech.  In conjunction with the USACE's awarding of the OSP-6 Project to Benetech, WPC and Benetech executed a "project specific agreement" (the "OSP-6 Agreement").  The OSP-6 Agreement states that it is governed by the terms and conditions of the Teaming Agreement, including the arbitration clause.

The OSP-6 Project, and the relationship between WPC and Benetech, began to deteriorate in summer 2011.  WPC alleges that this was due in large part to impropriety on the part of Benetech and Benetech officials.  In late November 2011, WPC filed a Complaint for Injunctive Relief and Damages, alleging breach of contract and misappropriation against defendants Benetech, William Bennett, and William Aaron Bennett ("Aaron Bennett), as well as a motion for a Temporary Restraining Order and Preliminary Injunction.  The Court granted the motion for Temporary Restraining Order on November 23, 2011.[3]

In January 2012, Benetech and William Bennett filed a motion to dismiss WPC's Complaint for Injunctive Relief and Damages, or in the alternative, to stay the proceedings pending arbitration.  In late March 2012, WPC filed a First Amended and Supplemental Complaint, adding several defendants and causes of action to its initial complaint.[4]  In early April 2012, WPC filed a Renewed Verified Motion for Writ of Attachment, seeking that a

---

[3] R. Doc. 9.  This Temporary Restraining Order has been extended several times in the months since this suit began, and will remain in place until a hearing on WPC's application for preliminary and permanent injunction can take place.

[4] R. Doc. 76.

writ of attachment issue as to the property of the defendants to ensure that such property would be available in the event that WPC ultimately prevails in this case.[5] In late April 2012, defendants Benetech, William Bennett, and Jim Book filed another motion to dismiss WPC's Complaint, or in the alternative to stay the proceedings pending arbitration. This motion was essentially a rehashing of the first motion to dismiss, but also included Jim Book as a movant, as he was not added as a defendant in this case until the filing of WPC's amended complaint. WPC timely filed an opposition to both motions to dismiss,[6] and on the last day of April 2012, Benetech, William Bennett, and Jim Book (collectively, the "Benetech Defendants") filed a reply in support of their motions to dismiss.[7]

In their reply, the Benetech Defendants argue that while they still believe that WPC's Complaint should be dismissed in favor of arbitration, or at least that the proceedings be stayed pending arbitration, they also state that they "do not wish to bifurcate the litigation with WPC" and that they would like to "press forward with [their] claims in a single venue." They conclude by stating that, if the Court finds that it has jurisdiction over WPC's claims for extraordinary relief (i.e. WPC's application for injunction and motion for writ of attachment), they "waive their right to arbitrate any and all claims," and submit to the Court's jurisdiction for the entirety of the case.[8] On May 16, 2012, WPC filed a short

---

[5] R. Doc. 87. On May 4, 2012, the Court granted WPC's Renewed Verified Motion for Writ of Attachment, as it related to all of the defendants except Devil's Playground, LLC, and Carnivale Productions, LLC. R. Doc. 142.

[6] R. Doc. 127.

[7] R. Doc. 136.

[8] *Id.*, at 1-2.

supplemental opposition to the Benetech Defendants' motions to dismiss.[9]

## ANALYSIS

While the Federal Arbitration Act establishes a strong presumption in favor of arbitration and limits the role of the court to determining whether a particular claim is referable to arbitration, *City of Meridian, Miss. v. Algernon Blair, Inc.*, 721 F.2d 525, 528 (5th Cir. 1983), the Fifth Circuit has also very clearly stated that when the issue of arbitrability has not yet been decided, the district court has the authority to grant preliminary injunctive relief. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). Indeed, even if the issue of arbitration were decided in favor of arbitration, the Revised Uniform Arbitration Act states that before an arbitrator is appointed and authorized, the Court is permitted to enter an order for provisional remedies, upon motion of a party to an arbitration proceeding (or a proceeding that may end up an arbitration proceeding) and for good cause shown, to protect the effectiveness of the arbitration proceeding. *Limousine Livery, Ltd. v. A Airport Limousine Serv.*, 07-1379 (La. App. 4 Cir. 3/12/08); 980 So. 2d 780, 784. Finally, it should be noted that the Court's authority to grant provisional relief is not inconsistent with arbitration, as arbitrators usually do not have the power to order or enforce provisional remedies, and parties in arbitration have to look to the courts for such orders. *See e.g. Bilyeu v. Johanson Berenson LLP, et al*, No. 08-2006, 2010 WL 3808375, at *4 (W.D.La. Sept. 27, 2010) (even in a case where the arbitration issue is clear, "the parties may well be forced to return to this Court in the course of the arbitration should some action be required that is beyond the scope of the arbitration panel but within the

---

[9] R. Doc. 150.

power, authority, and competence of the Court. For instance, one of the parties could request that the court enforce an arbitrator's discovery ruling, *provide provisional relief such as an attachment of assets or an injunction*, or grant a declaratory judgment that some procedure of the arbitration is fraudulent") (emphasis added).

The majority of courts in the country follow this view, holding that a district court has authority to grant provisional relief in the face of arbitration. *See Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 47-51 (1st Cir. 1986); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith*, 910 F.2d 1049, 1052 (2nd Cir. 1990); *Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co. of New York*, 749 F.2d 124, 125 (2nd Cir. 1984); *Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 812 (3rd Cir. 1989); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1053-54 (4th Cir. 1985); *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (6th Cir. 1995); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano*, 999 F.2d 211, 214 (7th Cir. 1993); *Sauer-Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348 (7th Cir. 1983); *PMS Distrib. Co. v. Huber & Shuner, A.G.*, 863 F.2d 639, 642 (9th Cir. 1988). Louisiana Courts echo this sentiment. *See, e.g. Limousine Livery*, 980 So. 2d at 784.

This Court has the authority to grant the provisional relief sought by WPC. Indeed, it has already done so on numerous occasions, from the Court's initial granting of WPC's motion for Temporary Restraining Order to its extensions of that same Order to its granting of WPC's motion for writ of attachment. Because this Court has jurisdiction over WPC's requests for injunctive relief, the Benetech Defendants have waived their right to arbitration with respect to any disputes under the Project Specific Agreement relating to the Teaming Agreement. As a result, both of the Benetech Defendants' pending motions to dismiss

5

and/or stay must be denied.

Accordingly, **IT IS ORDERED** that the "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, to Stay Proceedings Pending Arbitration" filed by defendants Benetech and William Bennett be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, to Stay Proceedings Pending Arbitration" filed by defendants Benetech, William Bennett, and Jim Book be and hereby is **DENIED.**

**New Orleans, Louisiana, this __7th__ day of August, 2012.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**