UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WPC III, INC. d/b/a WINTER PARK CONSTRUCTION COMPANY | CIVIL ACTION |
| VERSUS | NO: 11-2920-MLCF-SS |
| BENETECH, LLC, et al | |

## REPORT AND RECOMMENDATION

The plaintiff, WPC III, Inc., d/b/a Winter Park Construction ("WPC"), seeks sanctions against one of the defendants, William A. Bennett ("Aaron Bennett"). For the reasons described below, it is recommended that the July 9, 2012 affidavit of Aaron Bennet be struck from the record.

On November 23, 2011, WPC filed a complaint against Benetech, LLC ("Benetech"), William J. Bennett ("Bill Bennett") and William A. Bennett ("Aaron Bennett"). Rec. doc. 1. On November 23, 2011, the District Judge issued a temporary restraining order, an order to show cause for preliminary injunction and an order accelerating discovery. Rec. doc. 9. The complaint and WPC's memorandum alleged, in part, that: (1) on about September 22, 2011, the U.S. deposited $719,896.61 in a Benetech account; (2) on September 28, 2011, Aaron Bennett wrote a check payable to himself which was drawn on the Benetech operating account; (3) the check was deposited into Aaron Bennett's personal account at Iberia Bank; (4) on the same day as the deposit, $600,000 was wired from Aaron Bennett's account at Iberia to HB Entertainment; (5) HB Entertainment is a Bennett-related entity whose manager is Martha Russell Bennett; (6) on October 11, 2011, WPC discovered that Aaron Bennett, aided and abetted by Benetech and Bill Bennett, the father of A. Bennett, misappropriated funds that should have been paid to WPC; and (7) on October 14, 2011,

Aaron Bennett pled guilty to conspiracy and bribery.

Pursuant to the order accelerating discovery, Aaron Bennett was deposed on January 12, 2012. He represented himself in the deposition and invoked his Fifth Amendment privilege in response to virtually all questions. Rec. doc. 258 (Exhibit 2).

Aaron Bennett was served, but did not appear. Rec. doc. 128. On May 22, 2012, counsel enrolled for Aaron Bennett. Rec. doc. 161. On July 11, 2012, Benetech and Bill Bennett filed an answer, counterclaim and third party demand. Rec. doc. 198. Exhibit B to that pleading is a July 9, 2012 affidavit from Aaron Bennett. The affidavit contains an explanation for his withdrawal of $600,000 from Benetech and his failure to repay it. On August 9, 2012, counsel for Aaron Bennett moved to withdraw. Rec. doc. 242. The motion was granted. Rec. doc. 246.

Prior to withdrawing as counsel for Aaron Bennett, his counsel filed a motion to quash a second deposition of Aaron Bennett. Rec. doc. 234. His counsel argued that: (1) Aaron Bennett will invoke the Fifth Amendment privilege; (2) an accounting establishes that as between Benetech and WPC, all OSP-6 Project monies have been accounted for; and (3) his intent regarding the $600,000 is not relevant. Rec. doc. 234. On August 15, the motion to quash was denied. It was determined that WPC was entitled to question Aaron Bennett regarding his affidavit and the information contained therein. Rec. doc. 249.

On August 20, 2012, Aaron Bennett appeared for his second deposition. Rec. doc. 272 (Exhibit) He was not represented by counsel. Id. at 6. He answered some questions. There were questions concerning Benetech's general ledger. Id. at 19-21.

2

> Q. And when you were the owner and CEO of Benetech were you aware of the fact that Benetech was keeping a general ledger?
>
> A. Hum. I feel like I'm being tricked with that question, so -- did I say I did in this Affidavit? No.
> If it's not -- if it's not -- if it's not reflected in the Affidavit I'm going to plead the Fifth. So, I -- if it's said in the Affidavit, then I'll reaffirm it or explain further on it.
>
> Q. But you're going to take --
>
> A. But -- so, I would rather take the Fifth on any question that falls outside this Affidavit.
>
> Q. Isn't it true that when you worked at Benetech you would from time to time look at the general ledger?
>
> A. I don't think I stated that in this Affidavit, so I'll just plead the Fifth.

Id. at 21. Aaron Bennett took the position that unless the examiner said "[r]eferring to line such and such in your Affidavit," he would invoke the Fifth Amendment and refuse to answer the question. Id. at 23. Aaron Bennett terminated the deposition. Id. at 40.

On August 24, 2012, WPC filed a motion for sanctions for violating the discovery order. It requests that: (1) Aaron Bennett be prohibited from opposing WPC's claims and testifying in these proceedings; (2) his July 9, 2012 affidavit be struck from the record; (3) he should be held in contempt; and (4) he should be ordered to pay reasonable attorneys' fees. Rec. doc. 258. Bennett, appearing *pro se* filed an opposition. He contends that: (1) the proceedings should be stayed as to himself until the case between Benetech and WPC is resolved; (2) he was prepared to answer

questions concerning his affidavit; and (3) he has the right to the protection provided by the Fifth Amendment. Rec. doc. 272.

In opposing Aaron Bennett's motion to quash, WPC argued that Aaron Bennett's execution of the affidavit waived his Fifth Amendment privilege. Rec. doc. 240. Aaron Bennett's counsel did not brief the waiver issue. WPC's opposition was filed on August 7. Two days later, counsel for Aaron Bennett moved to withdraw. Rec. doc. 242.

It will be recommended that the July 12 affidavit be struck from the record. This will permit Aaron Bennett to preserve his rights under the Fifth Amendment and avoid the issue of whether he waived his Fifth Amendment rights by submitting the affidavit. The fact that Bennett is unrepresented and persists in taking the Fifth Amendment in response to some questions weighs in favor of preserving his Fifth Amendment rights. The remaining relief sought by WPC will be denied.

## RECOMMENDATION

IT IS RECOMMENDED that: (1) the motion of plaintiff, WPC III, Inc., d/b/a Winter Park Construction ("WPC"), for sanctions against one of the defendants, Aaron Bennet, (Rec. doc. 258) be GRANTED in PART; and (2) that the July 12 affidavit from Aaron Bennett (Rec. doc. 198-Exhibit B) be struck from the record.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

4

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12th day of September, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**