**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WPC III, INC. d/b/a WINTER PARK** | **CIVIL ACTION** |
| **CONSTRUCTION COMPANY,** | |
|     **Plaintiff** | |
| | |
| **VERSUS** | **No. 11-2920** |
| | |
| **BENETECH, L.L.C., et al.,** | **SECTION "E"** |
|     **Defendants** | |

**ORDER AND REASONS**

Before the Court is plaintiff WPC III, Inc.'s ("WPC") objections[1] to Magistrate Judge Sally Shushan's Report and Recommendations[2] regarding WPC's motion for sanctions against defendant William Aaron Bennett ("Aaron Bennett").[3]  After considering WPC's motion for sanctions, the record, the applicable law, Magistrate Shushan's Report and Recommendations, plaintiff's objections, and having conducted a *de novo* review of those portions of the Report and Recommendations to which objections are made as required by 28 U.S.C. § 636(b)(1), the Court overrules WPC's objections and approves the Report and Recommendation and adopts it as its opinion in this matter, as supplemented herein.

Aaron Bennett is a defendant in this civil action, and WPC's allegations of improper actions taken by Aaron Bennett while employed by defendant Benetech, LLC ("Benetech") led to this Court issuing a temporary restraining order and an order accelerating discovery. As noted by Magistrate Judge Shushan, Aaron Bennett has plead guilty to federal criminal charges unrelated to this civil action.  When he was deposed in January 2012 in this case,

_____

[1] R. Doc. 283.

[2] R. Doc. 274

[3] R. Doc. 258.

1

Aaron Bennett invoked his Fifth Amendment privilege and refused to answer almost every question asked of him.[4]

In July 2012, an affidavit, dated July 9, 2012 and signed by Aaron Bennett, was attached to an answer and counterclaim filed by his co-defendants Benetech, William James Bennett, and James Book.[5] WPC subsequently re-noticed Aaron Bennett for deposition claiming that by executing the affidavit Aaron Bennett had waived his right to invoke the Fifth Amendment privilege against self-incrimination in this proceeding. Aaron Bennett filed a motion to quash the deposition,[6] but Magistrate Judge Shushan denied the motion to quash and ordered that Aaron Bennett appear for a second deposition.[7] WPC re-noticed Aaron Bennett for deposition, and that deposition was conducted on August 20, 2012. However, at that deposition, Aaron Bennett refused to answer almost all of the questions asked of him, again invoking his Fifth Amendment privilege against self-incrimination.[8]

WPC then filed a motion for sanctions against Aaron Bennett, seeking the following relief: (1) that Aaron Bennett be prohibited from testifying in this case; (2) that Aaron Bennett's July 9, 2012 affidavit be struck from the record; (3) that Aaron Bennett be held in contempt; and (4) that Aaron Bennett be ordered to pay WPC's attorneys' fees. Aaron Bennett, proceeding *pro se*, opposed the motion for sanctions. Magistrate Judge Shushan granted the motion for sanctions in part and denied it in part. She recommended that

---

[4] *See* R. Doc. 258-2.

[5] *See* R. Doc. 198-2.

[6] R. Doc. 234.

[7] R. Doc. 249.

[8] *See* R. Doc. 272-1.

Aaron Bennett's July 9, 2012 affidavit be struck from the record, permitting Aaron Bennett to preserve his Fifth Amendment rights and avoiding the issue of any waiver of those rights, and that Aaron Bennett should not be held in contempt or ordered to pay attorneys' fees. WPC filed objections to that Report and Recommendations, arguing that Magistrate Judge Shushan was wrong to strike only the affidavit and not also prohibit Aaron Bennett from testifying and also in not ordering Aaron Bennett to pay WPC's attorneys' fees.

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge. 28 U.S.C. § 636(b)(1)(A). A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). However, where a party makes "specific, written objections" within fourteen days after being served with a copy of the magistrate's recommendations, the district court must undertake *de novo* review of those contested aspects of the report. *Id*. The district judge may then "accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

After conducting a *de novo* review of the issues raised by WPC's objections to Magistrate Judge's Shushan's Report and Recommendations, the Court overrules those objections and agrees with Magistrate Judge Shushan's Report and Recommendations. Aaron Bennett's July 9, 2012 affidavit shall be stricken from the record, thereby preserving his right to invoke the Fifth Amendment privilege against self-incrimination in this proceeding.  However, if Aaron Bennett intends to waive his Fifth Amendment privilege and testify at the upcoming October 30, 2012 evidentiary hearing as a witness for WPC or

another defendant, or he intends to appear as a witness on his own behalf as a defendant at the hearing, Aaron Bennett must notify WPC and his co-defendants no later than **5:00 p.m. on October 22, 2012**.  If Aaron Bennett informs the parties by this deadline that he does intend to waive his Fifth Amendment privilege and testify as a witness at the hearing, he must then make himself available for deposition on matters relating to this proceeding no later than **5:00 p.m. on October 26, 2012.**  If Aaron Bennett does testify at the October 30, 2012 hearing, either as a witness for another party or as a witness on his own behalf, the Court will not allow him to testify with respect to certain matters relating to this proceeding and invoke his Fifth Amendment privilege as to others.  Additionally, if Aaron Bennett does not timely notify WPC and his co-defendants that he intends to testify as a witness at the October 30, 2012 hearing, and/or he does not make himself available for deposition by 5:00 p.m. on October 26, 2012, the Court will assume that Aaron Bennett intends to invoke his Fifth Amendment privilege against self-incrimination, and thus he will not be allowed to testify at the hearing.

Finally, the Court also agrees with Magistrate Judge Shushan's Report and Recommendations insofar as she recommended that no further sanctions be imposed on Aaron Bennett at this time.  As a result, the Court hereby approves Magistrate Judge Shushan's Report and Recommendation and adopts it, as supplemented herein, as its opinion in this matter.

Accordingly, **IT IS ORDERED** that WPC's objections be and hereby are **OVERRULED.**

**IT IS FURTHER ORDERED** that WPC's motion for sanctions be and hereby is **GRANTED IN PART**, to the extent that it seeks to strike the July 9, 2012 affidavit from

the record, and **DENIED IN PART,** to the extent that it seeks to impose any further sanctions, including an award of attorneys' fees and a finding of contempt, on Aaron Bennett.

　　**IT IS FURTHER ORDERED** that Aaron Bennett's July 9, 2012 affidavit be and hereby is **STRICKEN** from the record.

　　**IT IS FURTHER ORDERED** that Aaron Bennett will be allowed to testify as a witness at the evidentiary hearing beginning on October 30, 2012, but only if he notifies the other parties in this case of his intention to do so by 5:00 p.m. on October 22, 2012 and makes himself available for deposition on all matters relating to these proceedings by 5:00 p.m. on October 26, 2012.  Further, even if called as a witness at the hearing by another party, Aaron Bennett will not be permitted to answer to certain questions relating to these proceedings while invoking the Fifth Amendment and refusing to answer others.

　　**New Orleans, Louisiana, this** __17th__ **day of October, 2012.**

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**